IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| FIRST BENEFITS, INC. and UNION SERVICES OF AMERICA, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. 5:13-CV-37 (MTT) ) |
| AMALGAMATED LIFE INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court is Defendant Amalgamated Life Insurance Company's Motion to

Dismiss Plaintiffs First Benefits, Inc.'s and Union Services of America, LLC's Amended

and Recast Complaint.  (Doc. 11).  For the following reasons, the Motion is **DENIED**.[1]

## I.     BACKGROUND

The Plaintiffs sell and service employee benefits products throughout the

country.  The Defendant provides insurance and benefits programs for employees.   In

early 2004, the Plaintiffs, through agreement with Unite Local Unions, began servicing

TJ Maxx accounts in Charlotte, North Carolina; Evansville, Indiana; and Atlanta,

Georgia.  (Doc. 8 at 2).  In late 2004, the Defendant's representatives invited the

Plaintiffs' owners to meet with the company to discuss the Defendant's insurance

products and payment procedures.  (Doc. 8 at 2).  Following the meeting, the Plaintiffs'

owners were interested not only in the Defendant's insurance products, but also with the

---

[1] The Court orally denied the motion at a motion hearing on July 17, 2013.  (Doc. 18).  This Order explains, more fully, the reasoning behind the Court's decision.

access the Defendant had to union employees and the Defendant's ability to secure payroll deduction slots in order to collect insurance premium payments from employees. (Doc. 8 at 2).

The Plaintiffs allege that the Defendant and the Plaintiffs formed a partnership in late 2004 to "combine resources and efforts to increase profits and expand their respective union accounts." (Doc. 8 at 3). The partnership's first enrollment occurred in 2004 and the specifics of the enrollment are set forth in an October 22, 2004 email. (Doc. 8 at 3; Doc. 8-1). Following the initial enrollment, the Plaintiffs allege that the parties agreed to "continue the relationship as partners, sharing commissions and profits that were generated by the business." (Doc. 8 at 3). The Plaintiffs' amended complaint further explains the manner in which the Defendant and the Plaintiffs conducted the enrollment process and serviced the various accounts. (Doc. 8 at 3-4).[2]

In 2006, the Plaintiffs allege the Defendant began making efforts to "cut [the] Plaintiffs out of the partnership and take full control of all accounts." (Doc. 8 at 5). The Plaintiffs' amended complaint sets forth examples of the Defendant's efforts. (Doc. 8 at 5-6). Eventually, the Plaintiffs allege, the Defendant had turned over nearly all the accounts the Plaintiffs brought to the partnership, including several TJ Maxx accounts, to another company, Benefits Associates. (Doc. 8 at 5). Between 2007 and 2010, the Plaintiffs contend they orally demanded the Defendant to return the accounts and the Plaintiffs' share of the partnership profits and commissions. In 2011, the Plaintiffs allege

---

[2] "[The Defendant] took on the role of setting up one-on-one enrollment sessions with companies/unions found by either partner, setting up payroll deductions, and processing the information received at enrollments. [The] Plaintiffs would service the accounts, provide sales expertise, conduct enrollments, and obtained authorization from employees to set up payroll deductions for products that were sold. As part of the agreement between the partners, [the] Plaintiffs would offer [the Defendant's] product in all future union enrollments, and also share commissions and profits between them." (Doc. 8 at 3-4) (paragraph numbers omitted). The Plaintiffs also put the Defendant in contact with several of their client accounts, including TJ Maxx accounts and Boston Mutual accounts.

they terminated the partnership with the Defendant in writing by certified mail. (Doc. 8 at 6). The Plaintiffs allege that because of the Defendant's actions they "have been deprived of partnership opportunities, have not received their appropriate share of commissions and profits generated by the partnership, and have otherwise been damaged." (Doc. 8 at 6).

The Plaintiffs have brought the following claims against the Defendant: (1) breach of partnership agreement; (2) fraud and deceit; (3) constructive trust and breach; (4) breach of fiduciary duty; (5) accounting; (6) conversion of accounts; (7) misappropriation of business opportunities of partnership; (8) breach of private duty; (9) attorneys' fees; and (10) punitive damages.

## II.    MOTION TO DISMISS STANDARD

To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 554, 570 (2007)). "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff. *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006). However, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Id.* at 1950. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). Further, where there are dispositive issues of law, a court may dismiss a claim

regardless of the alleged facts.  *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*,

992 F.2d 1171, 1174 (11th Cir. 1993).

### III.    DISCUSSION

The Defendant contends that the Plaintiffs' amended complaint should be

dismissed for two reasons.  First, the Defendant asserts that the Plaintiffs' "merit-based"

claims are barred by the applicable statutes of limitations.  Second, even if the claims

are not time-barred, the Defendant argues the Plaintiffs' amended complaint fails to

state any claim for which relief can be granted.

### A.    Whether the Plaintiffs' "merit-based" claims are barred by the applicable statutes of limitations.

The Defendant argues that the Plaintiffs' six merit-based claims[3] are based on

facts arising outside of the applicable limitations period.  Each of the Plaintiffs' merit-

based claims has a four-year statute of limitations.  *See* O.C.G.A. § 9-3-25; O.C.G.A.

§ 9-3-31, O.C.G.A. § 9-3-32.  The Defendant contends that the Plaintiffs' causes of

action accrued at various times between 2004 through 2006, as the Plaintiffs became

aware of the Defendant's alleged acts forming the bases for these claims.  Accordingly,

the Defendant argues the Plaintiffs' January 2013 complaint was filed long after the

four-year limitations periods expired.

The Plaintiffs agree that each merit-based claim is subject to a four-year statute

of limitation.  However, the Plaintiffs argue that pursuant to Georgia law, statutes of

limitations do not begin to run on claims by one partner against another partner until

after dissolution of the partnership.  (Doc. 13 at 3).  *See Powell v. Powell*, 171 Ga. 840,

---

[3] Specifically, the Defendant contends the following claims are barred: The Plaintiffs' (1) breach of partnership agreement; (2) fraud and deceit; (3) breach of fiduciary duties; (4) conversion; (5) misappropriation; and (6) breach of private duty claims.  (Doc. 11-1 at 4-5).

156 S.E. 677 (1931); *Hammond v. Hammond*, 20 Ga. 556 (1856).  Thus, the Plaintiffs contend the limitations periods began running when the Plaintiffs terminated the partnership.[4]

At the motion hearing, the Defendant admitted older Georgia Supreme Court cases hold that statutes of limitations on claims between partners based on the partnership's business do not begin to run until after the partnership has been dissolved.  However, the Defendant, citing the Georgia Court of Appeals' decision in *Hendry v. Wells*, 286 Ga. App. 774, 650 S.E.2d 338 (2007), argues that "contemporary" Georgia law holds that limitations periods on claims between partners run from the breach of duty.  In *Hendry*, the Georgia Court of Appeals held that a partner's claim for breach of fiduciary duty based on misrepresentations must be brought within four years of his partner's allegedly fraudulent statements.  *Id.* at 779-81, 650 S.E.2d at 342-44. Further, the Defendant argues, no "contemporary" cases rely on the holdings in older cases; thus, "the grounds for the holding[s] have been eliminated and there is no foundation or precedent for its revival."  (Doc. 15 at 13).[5]

The Court cannot read the Court of Appeals' decision in *Hendry* to abrogate the Georgia Supreme Court's clear holdings that the statute of limitations for claims between partners arising from the partnership business do not begin to run until the dissolution of the partnership.  The court in *Hendry* does not discuss this authority but

---

[4] Pursuant to Georgia law, there are seven ways to dissolve a partnership. O.C.G.A. § 14-8-31 (1)-(7). The Plaintiffs' letter to the Defendant satisfies § 14-8-31(2), which states that a partnership can be dissolved "by the express will or withdrawal of any partner."

[5] The Defendant also suggested that the Court should certify to the Georgia Supreme Court the question of whether *Powell* remains good law.  The Court is not prepared to certify that question at this time.

rather seems to assume that the claims had to be brought within four years of the defendant's misrepresentations.[6]

Perhaps the contemporary approach *should* be as the Defendant suggests.[7]   But for now, this Court must follow Georgia Supreme Court precedent taking the alternate view.   The decisions of the Georgia Supreme Court "shall bind all other courts as precedents."   Ga. Const. Art. 6, § 6, ¶ VI.   The holding in *Powell v. Powell* is clear: "'As to a claim or demand by one partner against another, arising out of the partnership business, the statute of limitations does not, in any event, begin to run until after a dissolution of the partnership….'"   *Powell*, 171 Ga. at 840, 156 S.E. at 680 (quoting *Harris v. Mathews*, 107 Ga. 46, 32 S.E. 903 (1899)).   *See also Hammond v. Hammond*, 20 Ga. 556 (1856); *Prentice v. Elliott*, 72 Ga. 154 (1883).[8]   Accordingly, at this stage, the Court will follow the approach required in *Powell* and *Hammond*; thus, the statutes of limitations on the Plaintiffs' claims against the Defendant did not begin to run until the dissolution of the partnership.

---

[6] The Defendant also cites the Georgia Court of Appeals' decision in *McMillian v. McMillian*, 310 Ga. App. 735, 713 S.E.2d 920 (2011), in which the Court of Appeals reviewed a denial of a partner's motion to compel certain financial records of a competitor.  The Defendant did not heavily rely on this case at oral argument, but rather focused on *Hendry*.  In any event, the Court is not persuaded that *McMillian* even addresses the issues before this Court.

[7] The Court does not suggest that existing law should be changed.  When claims arise from the partnership's business and involve alleged ongoing failure by a partner to abide by his fiduciary duty to account for the profits of the partnership, there is good reason to allow partners to bring those claims within a reasonable time after the dissolution of the partnership.

[8] Moreover, another case cited by the Defendant, *Gober v. Burroughs*, 192 Ga. 590, 15 S.E. 2d 857 (1941), provides further support, in the Court's view, for the Plaintiffs' position.  The Georgia Supreme Court in *Gober*, citing cases from the United States Supreme Court, other state courts, and treatises, discusses several different approaches used in determining when the statute of limitations on a claim between partners commences.  *Gober*, 192 Ga. at 593-95.  Ultimately, the Georgia Supreme Court held that the plaintiff-partner's claim was not barred by the statute of limitations.   Both as a matter of precedent and for its discussion of policy reasons underlying limitations periods, *Gober* supports the view that partners should have an opportunity to pursue claims against their partners upon the dissolution of the partnership.

At the motion hearing, the Defendant argued, even if the Court found Georgia Supreme Court precedent applicable, the partnership's dissolution occurred in 2006 when the Defendant informed the Plaintiffs that Benefit Associates would be performing certain TJ Maxx enrollments and all future enrollments.  *See* (Doc. 8 at 5).  However, at the motion to dismiss stage all well-pled facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the Plaintiffs.  Though the amended complaint alleges that in 2006 the Defendant informed the Plaintiffs that Benefit Associates would be performing certain enrollments, the amended complaint further alleges that between 2007 and 2010, the Defendant gave Benefit Associates more accounts that the Plaintiffs brought to the partnership.  (Doc. 8 at 6).  Further, in 2010, the Plaintiffs allege the Defendant took one of the Plaintiffs' two remaining TJ Maxx accounts and assigned the account to one of the Defendant's agents.   (Doc. 8 at 6).  Thus, the amended complaint alleges conduct showing that a partnership relationship continued after 2006.

Accordingly, though discovery may ultimately reveal that the partnership was dissolved in 2006, based on the Plaintiffs' allegations in the amended complaint, the Court cannot reach that conclusion.  Based on the amended complaint, the limitations periods for the Plaintiffs' claims began to run on June 3, 2011, when the Plaintiffs allegedly terminated the partnership with the Defendant.  (Doc. 8 at 7).  Therefore, the Plaintiffs' merit-based claims are not barred by the applicable statutes of limitations.

### B.      Whether the Plaintiffs' amended complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Defendant contends that the Plaintiffs' amended complaint fails because the Plaintiffs' factual allegations are "(1) insufficient, (2) disprove the Plaintiffs' legal

allegations, and/or (3) do not provide the requisite level of particularity." (Doc. 11-1 at 10). The Plaintiffs argue the amended complaint satisfies appropriate pleadings standards and should not be dismissed for failure to state a claim.

A complaint must contain sufficient factual matter that if accepted as true states a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. At this stage, "the pleadings are construed broadly and … the allegations in the complaint are viewed in the light most favorable to the plaintiff." *Watts v. Florida Inter. University*, 495 F.3d 1289, 1295 (11th Cir. 2007) (internal citations and quotations omitted). Though "a formulaic recitation of the elements … will not do," Rule 12(b)(6) does not permit dismissal of a complaint if the factual allegations are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### C.     Claims subject to Federal Rule of Civil Procedure 8.

With the exception of the Plaintiffs' fraud and deceit claim, the Plaintiffs' claims are subject to Fed. R. Civ. P. 8 pleading standards. Pursuant to Rule 8(a), a complaint "must contain a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief."

Here, the Plaintiffs have satisfied Rule 8's pleading requirements. With regard to the Plaintiffs' claims based on the alleged partnership between the Plaintiffs and the Defendant, a partnership is defined by O.C.G.A. § 14-8-6, as "an association of two or more persons to carry on as co-owners a business for profit." The Plaintiffs clearly allege that they and the Defendant entered into a business relationship and that the purpose of that business was to share profits and commissions generated by the business. (Doc. 8 at 3). As a result of the partnership, the Plaintiffs allege they would

also offer the Defendant's products in all future enrollments.  (Doc. 8 at 3).  The Plaintiffs also allege the manner in which the parties carried out their business with various accounts.  (Doc. 8 at 4).  As discussed above, the Plaintiffs adequately pled the manner in which the Defendant breached the partnership.  Accordingly, the Plaintiffs' claims based on the alleged partnership—the Plaintiffs' breach of partnership claim, misappropriation of business claim, and breach of private duty claim—are sufficiently pled.

Because the Plaintiffs have adequately pled a partnership with the Defendant, the breach of fiduciary duty claim does not fail because the partnership triggers the necessary fiduciary relationship.  *See Denim North America Holdings, LLC v. Swift Textiles, LLB*, 2011 WL 318127 (M.D. Ga.) ("Under Georgia law, a claim for breach of fiduciary duty requires proof of three elements: (1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by the breach.").

The Plaintiffs have also properly alleged a claim for conversion.  To succeed on a conversion claim in Georgia, a plaintiff must plead "(1) title to the property or right of possession, (2) actual possession in the other party, (3) demand for return of the property, and (4) refusal by the other party to return the property."  *Johnson v. First Union Nat'l Bank*, 255 Ga. App. 819, 823, 567 S.E.2d 44, 48 (2002).  Specifically, the Plaintiffs contend the Defendant has "converted to its own use and otherwise taken improperly [the] Plaintiffs' accounts or their proceeds."  (Doc. 8 at 13).  The Plaintiffs further list particular accounts that the Defendant has allegedly converted.  The amended complaint also alleges the Plaintiffs' demanded the Defendant return the

accounts, profits, and commissions, and that the Defendant refused to do so.  (Doc. 8 at 5-6).

With regard to the Plaintiffs' remaining "remedial claims," because the Plaintiffs' substantive claims survive Rule 8's pleading requirements, the Court finds these claims state a plausible basis for relief as well.[9]

### D.    Claim subject to Federal Rule of Civil Procedure 9.

The heightened pleading standard set forth in Fed. R. Civ. P. 9(b) applies to the Plaintiffs' fraud and deceit claim.  Rule 9(b) provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  Allegations of fraud subject to Rule 9(b)'s requirements "'must include facts as to time, place, and substance of the [Defendant's] alleged fraud.'"  *U.S. ex rel. Clausen v. Lab Corp of Am., Inc.*, 290 F.3d 1301 1308 (11th Cir. 2002) (quoting *U.S. ex rel. Cooper v. Blue Cross & Blue Shield of Fla.*, 19 F.3d 562, 566-67 (11th Cir. 1994)).

Moreover, the complaint must state: (1) precisely what statements were made and the manner in which these representations (or non-representations) were made; (2) the time of place of the alleged wrongful statements and the person responsible for making (or not making) the statements; (3) the content of the statements and the manner in which the statements were misleading; and (4) what the defendant obtained as a result of the alleged fraud.  *Brooks v. Blue Cross and Blue Shield of Fla.*, 116 F.3d

---

[9] Specifically, the Court, at this stage, considers the following remedial claims: constructive trust, accounting, attorney's fees, and punitive damages.

1364, 1371 (11th Cir. 1992).  Further, as the Eleventh Circuit made clear in *Brooks,*
there are alternative means available to satisfy Rule 9(b)'s pleading standards.  *Id.*

Here, the Plaintiffs' amended complaint complies with Rule 9(b) because it sets
forth that the Defendant intended to defraud the Plaintiffs in October 2004 when it told
the Plaintiffs: (1) that the Plaintiffs would exclusively perform all enrollments and re-
enrollments of the partnership; (2) that the parties would share in all commissions and
profits from the enrollments and re-enrollments; and (3) that the Defendant would set up
access to payroll deductions for all enrollments.  (Doc. 8 at 8).  Moreover, the Plaintiffs
allege the Defendant knew these statements were false and that, instead, the
Defendant would actually limit the Plaintiffs' involvement in the partnership.  Further, the
Plaintiffs contend the Defendant obtained access to the Plaintiffs' accounts and
eventually kept all commissions, profits, and bonuses earned on specific enrollments as
a result of the alleged fraud.  (Doc. 8 at 9).  Accordingly, the Plaintiffs' amended
complaint satisfies Rule 9(b)'s heightened pleading standards.

## IV.    CONCLUSION

The Defendant's motion to dismiss the amended Complaint is **DENIED**.  (Doc.
11).  Further, the Defendant's original motion to dismiss the Complaint is **dismissed as
MOOT**.  (Doc. 7).

**SO ORDERED**, this 6th day of August, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT